### JOSEPH ROMERO vs. THE STATE.

New Haven and Fairfield Cos., Oct. T., 1890.   ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

Art. 1, sec. 9, of the state constitution provides that "no person shall be
holden to answer for any crime the punishment of which may be death
or imprisonment for life, unless on a presentment or indictment of a
grand jury." Section 1610 of Gen. Statutes provides that "for all
crimes not punishable with death or imprisonment for life the prose-
cution may be by complaint or information;" and § 1404 that "every
person who shall assault another with intent to commit murder shall be
imprisoned in the state prison not less than ten years." Held that
the crime of assault with intent to commit murder may be prosecuted
by an information by the state's attorney.
While the court may in its discretion sentence a person convicted of that
offense for more than ten years, yet it can do so only by sentencing
for a greater, but definite, number of years, and not for life.
A sentence for a term of years is not in law the equivalent of a sentence
for life, even though it may be practically such.

[Argued November 7th, 1890—decided January 27th, 1891.]

WRIT OF ERROR from a judgment of the Superior Court in Fairfield County convicting the plaintiff in error, upon an information by the state's attorney, of an assault with intent to murder; brought to this court. The principal error assigned was that the plaintiff in error could have been held to answer for the offense charged only on an indict-ment by a grand jury.

*J. B. Curtis* and *R. A. Fosdick*, for the plaintiff in error.

The state constitution provides (art. 1, sec. 9,) that "no

person shall be holden to answer for any crime the punishment of which may be death or imprisonment for life, unless on a presentment or indictment of a grand jury." Prior to the revision of 1875 a person accused of assault with intent to commit murder was put to plead and tried upon indictment of a grand jury only. The revision of 1866 provided that every person convicted of that crime should "suffer imprisonment in the state prison during life or for any time not less than ten years." In the revision of 1875 the statute appears in the same form, only with the words "during life or for any time " omitted, making it read "shall be imprisoned in the state prison not less than ten years." The act now appears in this form in the Gen. Statutes of 1888 as § 1404. " It has been held in many cases that the mere change in the phraseology of a statute will not be deemed to alter the law, unless it *evidently* appears that such was the intention of the legislature. This rule has been frequently laid down in the modified re-enactment of British statutes and the revision of our own in the different states." Sedgw. on Stat. & Const. Law, 2d ed., 194. It clearly is not evident here that the legislature intended, by the omission of the words noted, to change the law. *State* v. *Grady*, 34 Conn., 128; *State* v. *Stanton's Liquors*, 38 id., 236; *Wright* v. *Oakley*, 5 Met., 406. The omission of the words leaves the maximum penalty undeterminate, thus giving the court unlimited discretionary power to punish for any number of years—a hundred, a thousand, and really during life. The legislature of New York has placed this precise construction on a statute of that state similar in substance. If the court should find that the defendant *might have been* sentenced to imprisonment for life, then this judgment must be reversed. If the Superior Court could have inflicted punishment in the state prison for *any* number of years exceeding ten, we should then ask how any court can be given absolutely unlimited discretion as to the punishment for crime, and such limitation not be for life. It cannot be claimed that there is any difference, so far as the individual is concerned, between imprisonment for life, in so many words, and imprisonment

for a thousand or more years. The courts will take judicial notice of the fact, that no man's life extends over a period of a thousand years. The phrase "not less than," in § 1404, designates the minimum limit. The expression of a minimum implies that there is a maximum. What is it? There is none expressed; consequently *any* number of years. Is it just or reasonable to claim that imprisonment for any conceivable number of years is less in degree than imprisonment for life?

*G. A. Carter*, for the State.

LOOMIS J. The only question presented by this appeal is, whether a person can be lawfully tried and convicted of an assault with intent to commit murder upon an information by the state's attorney, instead of an indictment by a grand jury. The answer will depend upon a proper construction of our constitution and statutes relating to the matter.

Art. 1, sec. 9, of the constitution of this state provides that "no person shall be holden to answer for any crime, the punishment of which may be death or imprisonment for life, unless on a presentment or indictment of a grand jury." And section 1610 of the General Statutes provides that "for all crimes not punishable with death or imprisonment for life, the prosecution may be by complaint or information." The constitution and statute are in perfect harmony, and the meaning is clear if the offense charged is not punishable either by death or by a sentence to prison for life. In that case the information by the state's attorney was a lawful mode of prosecution. The doubt in this case arises upon the statute which prescribes the punishment, which is as follows:—"Every person who shall assault another with intent to commit murder, * * * shall be imprisoned in the state prison not less than ten years." Gen. Statutes, § 1404.

The obscurity arises from the fact that the statute prescribes a minimum punishment but no maximum. But the kind of punishment is prescribed, which is imprisonment

for a definite term of years, for a prescribed punishment of
not less than ten years imprisonment is the same as one for
a term of years not less than ten.   The only discretion the
court has in going above ten years is merely to add to the
number.   But a definite number of years must be specified,
otherwise the sentence would be void for uncertainty.   It
may however be suggested in this connection that imprison-
ment for life in its result is only for a certain number of
years, and that if the sentence is long enough to cover the
entire life of the person, there is no practical difference.
But such reasoning overlooks the fact that in contemplation
of the law a sentence to imprisonment for life is perfectly
distinct from that for a term of years, and one is never the
equivalent of the other without express statutory authority.
Our law has always regarded imprisonment for life as a
punishment much greater in degree than imprisonment for
a term of years, and in our statutes the latter is classed
under the head of "less than life."

This is shown by section 1621 of Gen. Statutes, allowing
peremptory challenges of jurors on the part of the accused.
The number increases according to the punishment.   For
instance, if the punishment is death, twenty jurors may be
challenged; if imprisonment for life, ten jurors; if for less
than life, four jurors; for any other offense (except under
the liquor laws) two jurors.   *State* v. *Neuner*, 49 Conn., 232.

The contention on the part of the accused in this case
is, that, as there is no limit above ten years to govern the
discretion of the court, it could impose a sentence for such
a term of years as would practically result in a life sentence.
This may be so, but it is not a test the law can recognize.
The minimum sentence for ten years in some cases would
in all probability be practically a life sentence, while fifty
years in another case would not be.   The true and deci-
sive test under our constitution is whether the offense is
one where the court has power to sentence the accused to
the state's prison during the term of his natural life.   In no
case can this be done without the statute so provides *in
terms*.   We think it would have been clearly illegal in this

case for the trial judge to have given a life sentence. This is a conclusive test; but take another from a different standpoint. Suppose the law in a given case in terms punished the act by imprisonment for life, could the court sentence for so long a term of years as would certainly cover the natural life? No one would claim such an absurdity; but this shows that no term for years, however long, can be the legal equivalent of a term for the natural life.

The defendant cites the statute of New York in favor of his construction of our own law, that the court might sentence during life. That statute is as follows:—" Whenever in this chapter any offender is declared punishable upon conviction by imprisonment in a state prison for a term of years *not less than any specified number of years*, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction, *may in its discretion sentence such offender to imprisonment during his natural life*, or for any number of years not less than such as are prescribed." N. York Rev. Statutes, 1859, part 4, tit. 7, ch. 1, sec. 12. This statute of course settles such a question for the state of New York, but as bearing upon the question here it impresses us very differently from the views entertained by the counsel for the defendant, for the implication is that statutory authority was necessary in order to justify a sentence for life.

But the defendant calls attention to the fact that in the revisions of our statutes in the years 1866 (p. 247,) 1854 (p. 306,) 1849 (p. 223,) and 1838 (p. 144,) it was expressly provided that every person convicted of the offense in question should " suffer imprisonment during life or for any time not less than ten years; " and that in the revision of 1875 the statute first appeared as at present, with the words " during life " omitted; and the argument in behalf of the defendant is, that since 1875 the construction of the statutes on this subject ought to be the same as before, inasmuch as it is not evident that the legislature intended to change the law on this subject.

We cannot accept this argument as sound. The words

"during life," as connected with punishment for crime, are too significant to be treated in this manner. They have always had in our statute a meaning so clear and definite as to exclude the possibility of doubt or difference of opinion. When, therefore, they were stricken from the statute in question we must presume a change of meaning was intended and that the purpose was to take away the power to sentence for life. Why such a change was made we do not know; we can only conjecture as a possible explanation that, as murder in the second degree was punishable by imprisonment during life, it was considered a more perfect gradation of penalties to make the mere attempt at murder punishable by imprisonment for a term less than life, though not less than ten years.

But the reasons for the change are of no consequence; we can well afford to leave them in the realm of doubt. We are concerned only with the fact of a change, and of this we have no doubt, for we find it impossible to say that the striking out of the words "during life" from the former statutes had no effect whatever upon the power of the court to sentence the convicted person during life.

There was no error in the judgment complained of and it is affirmed.

In this opinion the other judges concurred.