His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff, who resides at Lucy, Parish of St. John the Baptist, avers that he sold unto Paul Reine, the duly authorized agent of the defendants, residents of Lutcher, St. James Parish, fifteen barrels of pecans at the price of twelve cents a pound deliverable on board the Launch Tom, at Lucy; that he delivered said pecans to the Tom and that they were received by the defendants, who refused to pay for them.
The defendants filed a general denial to each and every allegation.
The facts as stated by plaintiff are that Paul Reine presented himself at the home of plaintiff, De Bautte, as agent of the defendants, and representing himself as duly authorized bought of plaintiff for account of the defendants the pecans mentioned above. At the time of *345 the sale, Friday, October 30, Reine wrote and delivered to plaintiff the following document:
“Lucy, La., 10/30/13.
“Messrs. Weil Bros., Lutcher, La.,
“Dear Sir: I have bought from Gaston De Bautte 8 sugar, barrels, 6 beer barrels, I medium and small, 1 flour barrel small pecans at 12 cts. which he will ship by Tom as soon as possible.
“Yours truly, P. R. Reine.”
Plaintiff shipped these pecans from his place to the defendants at Lutcher, by the Tom, according to agreement, on Wednesday, November 5th, 19,13, and the next morning took the train himself for Lutcher to collect the price of his pecans; he went to the defendants’ store and presented himself to Julius Weil by handing him Reine’s note; that Weil told him to come back in an hour, while he would get' a cart to carry the pecans to the store. When he came back Weil went to the river and got the pecans and brought them into, his store. He then proceeded to weigh them, and there was a difference of six pounds to the first barrel. In order to settle the question of the correctness of scales they went to the depot scales, and they .agreed with Weil’s scales; plaintiff then agreed to abide by the depot scales; in another barrel there was a difference of eight pounds; one of the barrels bursted. and the pecans were spread all over ■ the floor. Then Mr Weil said: No, I did not authorize Reine to buy the pecans. '
Then plaintiff withdiew and filed this suit.
Paul Reine testified that he was a traveling drummer, selling and buying and employed by Weil Bros. & Co., to buy pecans; that he bought pecans for them both before *346 and after this transaction and they were paid for; he bought these pecans from the plaintiff for account of the defendants; he wrote to the defendants the following letter:
“Reserve, 10/31/13.
“Messrs. Weil Bros., Butcher, La.,
“Dear Sir: I have bought from Mr. Gaston De Bautte 8 sugar bals. 6 beer bals., 1 flour bal. pecans 2 bals. small, balance medium and large size at 12 cents a pound.
“Yours truly, P. R. Reine.”’
And he gave the plaintiff the letter dated Lucy 10/30/ 13; the defendant never objected to the price he had paid for these pecans.
'l'lie defendants do not deny that Paul Reine was employed by them to buy pecans; but they testify that he was only authorized to buy on samples to be submitted and accepted.by them. We think the facts of the case corroborate the testimony of Reine that he was authorized to- buy outright. But, be this as it may, when the defendants were informed that Reine had exceeded his authority by buying without samples and without their approval they should have immediately repudiated his action. The defendants -admit that they received the two letters' of Reine, the one addressed to them -and the other handed to plaintiff and by him delivered to them when he went to collet the price of his pecans. Plaintiff’s testimony concerning his reception by the defendants, their bringing the pecans up from the river bank to their store, their weighing and examining the pecans, does not differ from the testimony of defendants. They were advised *347 by Eeine by the letter, dated October 31st that he had bought the pecans from De Bautte. This letter must have reached them by Monday, Nov. 2. The rule of law is that when an agent has exceeded his authority, the principal, oh being informed of the act, must immediately repudiate it, before the third party has acted upon it, or the principal will be held to have ratified the unauthorized act of his agent.
1 H. D., 833, No. 11; 20 A., 215; 52 A., (1282) 128; 22 A., 496; 24 A., 462 ; 36 A., 617; 1 A., 425; 45 A., 847 ; 8 Ct. of App., 281.
The defendants should have reached Eeine at once on receipt of his letter, by telephone or otherwise, as they subsequently did after De Bautte’s visit to them, and repudiated his purchase. They should have also warned De Bautte, at Lucy,-before he shipped the pecans on Wednesday, November 5th, as it seems they might have done. They could not allow him to ship the pecans to them and then make him take the chances of ratifying Seine’s purchase if it was advantageous to them, and denying his authority if they thought he had made a bad bargain. Again, when De Bautte introduced himself to them and presented Seine’s letter, defendants if they had not authorized Eeine to buy for them, should have immediately denied his authority, repudiated his purchase, and refused the pecans. -Instead of this, they haul the pecans to their store, they weigh' them and examined them, wrangle with plaintiff concerning tjie weight and quality of the pecans, -and when Eeine’s act does not please them they repudiate it. Their course of conduct leaves strong doubt in our minds that Eeine was not authorized, and this doubt is resolved against them by Seine’s -testimony that he was authorized. Besides, as *348 we said before, their repudiation of Reine’s purchase came too late.
Opinion and decree, April 10th, 1916.
Rehearing refused, May 8th, 1916.
Writ denied, June 30th, 1916.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and ■reversed, and that there now be judgment in'favor of the plaintiff, Gaston D'e Bautte and against the defendant Weil Brothers & Co., Ltd., for the sum .of three hundred and ten 44/100 dollars with five per cent per annum interest from January 10th, 1914, till paid and costs of suit in both Courts. • '